SARAH HARDY, ESQ. (11301)
MATTHEW P. JUBE (6414)
**YOUNG, KESTER & PETRO**
*Attorneys for Defendant, Tyler Lancaster*
75South 300 West
Provo, UT  84601
Telephone: (801) 379-0700
Facsimile:  (801) 379-0701

## IN THE UNITED STATE DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICAN, | ) | |
| | ) | |
| Plaintiff, | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| vs. | ) | |
| | ) | |
| TYLER LANCASTER, | ) | Case No. 2:08-cr-00300 TC |
| | ) | |
| Defendant. | ) | |

The Defendant, Tyler Lancaster, by and through counsel, Matthew P. Jube, Esq., submits this Sentencing Memorandum, and respectfully requests that this Court impose a sentence below the advisory guideline range.

When sentencing a defendant, a court "shall impose a sentence sufficient, but not greater than necessary." 18 U.S.A. 3553; *United States v. Booker,* 543 .S. 220 (2005). *Booker,* of course, restored the district courts' ability to fashion a sentence tailored to the individuals by requiring the court to consider factors other than simply the guideline range prescribed by the Sentencing Guidelines. To be included in the court's consideration of an appropriate sentence are the history and characteristics of the defendant. *Id.;* 18 U.S.C. 3553(a); *United States v. Kelley,* 359 F.3d

1

1302, 1305 (10ᵗʰ Cir. 2004). Defendant submits that the following factors warrant a reduced sentence.

The first factor warranting a lesser sentence is the aberrant nature of Mr. Lancaster's conduct that resulted in the charges in this case. The Sentencing Guidelines allow for a departure where a defendant's criminal conduct shows a marked deviation from an otherwise law-abiding life, and the Tenth Circuit has found that "the aberrance of a criminal act is an encouraged factor for departure." U.S.S.G., Section 5K2.20; *United States v. Benally,* 215 F.3d 1068, 1072 (10ᵗʰ Cir. 2000). However, there are several prerequisites to the departure ground, including that the conduct was not of a continuing nature. U.S.S.G., Section 5K2.20. The conduct that resulted in the Defendant's arrest originated on May 15, 2008 and ended, with the arrest, on May 17, 2008 (Presentence Report at page 2). Although the Defendant had used chat rooms in the past, there is no evidence that the Defendant had engaged in illegal activity on a continuing basis. As noted on the Psychosexual Evaluation:

> Mr. Lancaster was asked if he has ever chatted with anyone else like he had in this instance and he stated that he had not. He stated that he was bored that night [the night the offense took place] and "not thinking." Upon reflection, however, Mr. Lancaster admitted that he had chatted sexually with others who were over 18 years of age.

Monarch Assessment & Treatment Center, *Complete Psychosexual Evaluation*, p. 6.

In another part of the *Evaluation,* Mr. Lancaster admitted to meeting a girl who lived in Nephi, Utah over the Internet. He stated that she was 16 years of age and he was 18 years of age at the time. Mr. Lancaster indicated that they got together, talked and that was the extent of the contact. *Id.,* at 5.

Given that the conduct for which the Defendant was charged was not of a continuing nature, coupled with his total lack of a prior criminal history, it is respectfully submitted that the

2

Defendant is entitled to a downward departure. Rather than committing offenses throughout his life, even minor infractions or petty juvenile offenses, Mr. Lancaster has, instead, led a law-abiding life, even serving a two-year mission for his church.  As such, the instant offense is completely aberrant in nature, and is a marked deviation from an otherwise law-abiding life. Accordingly, a departure is warranted.

Next, Mr. Lancaster has made great efforts at post-offense rehabilitation, which the tenth Circuit views as an appropriate ground for a departure. *United States v. Whitaker,* 152 F.3d 1238, 1240 (10th Cir. 1998); *see also, United States v. Jones,* 158 F.3d 492 (10th Cir. 1998).  To warrant a departure, the defendant's efforts must be "remarkable, indicate real, positive behavioral change, and demonstrate the defendant's commitment to repair and rebuild his or her life." *United States v. Yeaman,* 248 F.3d 223, 228 (3d Cir 2001); *see also, United States v. Sally,* 116 F.3d 76, 79-82 (3d Cir. 1997); *United States v. Rhodes,* 145 F.3d 1375, 1378-82 (D.C. Cir. 1998); *United States v. Kapitzke,* 130 F.3d 820, 823-24 (8th Cir. 1997); *United States v. Brock,* 108 F.3d 31, 33-35 (4th Cir. 1997).

Recognizing that the behavior which led to his offense was inappropriate, illegal and destructive to him, Mr. Lancaster has eschewed any and all association with his previous actions, and has, instead returned to his church activity and reconnected with his family, both of which suffered as a result of the unlawful conduct. At every juncture in this case, the Defendant has recognized the underlying conduct as a mistake and has accepted full responsibility for it.  He has sent letters to the Court and made it clear to Probation that he accepted responsibility.   He confessed his behavior to his ecclesiastical leader and enrolled in counseling.  For the last year, the Defendant has traveled from Evanston, WY to Sandy, UT every week for group and individual counseling at the Arch Center, under the direction of Christy Cox, MSW, LCSW.  He

has engaged in a personal program of carefully managing his time into productive ventures. The Defendant has enrolled in and maintained a college schedule and is working, all of which has been properly reported to Probation. The Defendant has enrolled as a sex offender and is complying with all relevant requirements thereof. Clearly, Mr. Lancaster has recognized the errors of his ways and has shown "remarkable, real, positive behavioral changed, [which] demonstrates the defendant's commitment to repair and rebuild his . . . life." As such, a lesser sentence based upon post-offense rehabilitation is warranted.

Importantly, Mr. Lancaster's efforts at rehabilitation are combined with a **low** risk of recidivism. Following a thorough psychosexual evaluation, Dr. Peter Byrne indicates that Mr. Lancaster can benefit from sexual offender specific treatment and can properly manage and lower his sexual risk (Evaluation at p. 15). Dr. Bryne concludes that the "moderate" risk revealed by the testing appear to be inflated and high. *Id.* at 16. Dr. Byrne also noted that Mr. Lancaster does not appear to have issues with deviant sexual arousal that would indicate attraction to underage females. Rather, he indicated that Mr. Lancaster's issues revolve around immaturity and other noted chronic personality traits.

The court should also consider relevant aspects of Mr. Lancaster's medical history. He has been diagnosed with Scoliosis, Chiari Malformation, and Neurofibromitosys. The medical conditions which are chronic have certainly had an effect on his self deprecating feelings and action. As found by the evaluator, Mr. Lancaster has some maturity issues that have been influenced by his chronic medical conditions and the effect thereof on his appearance.

Although Mr. Lancaster's actions were clearly wrong and some punishment is necessary, this Court should take into account the information recounted above before determining and imposing a sentence. Mr. Lancaster's social and medical history, his emotional issues, his lack of

any prior like conduct, his rehabilitation and low recidivism risk, all combine to suggest that a sentence of probation is appropriate.   Accordingly, Mr. Lancaster respectfully requests that this Court impose a sentence of probation, in lieu of incarceration, with the other terms and conditions requested by Probation.

DATED this 14 day of May, 2009.

MATTHEW P. JUBE, ESQ.
Attorney for Defendant

## CERTIFICATE OF DELIVERY

I certify that a copy of the foregoing was mailed, postage prepaid and emailed to the parties named below on the 14 day of May, 2009.

Karin M. Fojtik, Esq.
U.S. Attorney's Office
185 South State Street, Suite 400
Salt Lake City, UT 84111
Karin.fojtik2usdoj.gov

Mary Schuman
U.S. Probation Officer
350 South Main
Salt Lake City, Utah 84101